DR. CATHERINE B. AGUON
Plaintiff-Appellee

v.

FRANK G. BLAZ, Director of
the Government of Guam Retirement
Fund, and a member of the Board
of Trustees of the Government of Guam
Retirement Fund, et al.
Defendants-Appellants

Civil No. 78-0037A
District Court of Guam, Appellate Division
April 8, 1980

- - - - -

- - - - -

DUENAS and LAURETA, District Judges, and BURNETT, Designated Judge.

OPINION

PER CURIAM:

This is an appeal from a January 19, 1978 Decision and Order of the Superior Court where it was held that the plaintiff Katherine B. Aguon could receive retirement benefits in excess to those which she would normally be legally entitled, due to the alleged misrepresentation of the Government of Guam

195

Retirement Fund Officer. We REVERSE, based on the following analysis:

First, it must be noted that even if we were to assume that the Retirement Fund Officer had ostensible authority to bind the Government of Guam, the figure which he gave the plaintiff was an "estimate" only. Therefore, it cannot be reasonably said that the representation was understood by either party to be binding on the government.

Second, the Retirement Officer did not have ostensible authority to bind the government in this matter; only the Trustees of the Retirement Board have final authority to approve retirement benefits. See §4221(4) of the Government Code of Guam.

Third, it is well settled that an agent of the government, even acting within the scope of his authority, cannot estop the government from asserting certain defenses. The plaintiff does not contend that she has a statutory right to receive the disputed amount, only that the requirements of the Guam Government Code should not apply to her because she was somehow misled. The effect of the Superior Court's Decision and Order would be to destroy the plain requirements of Guam's Retirement Law and make them so malleable that they could be bent and twisted in every case where a claimant contends he or she was somehow misled by a government agent. Chaos would be the result of such a ruling which would no longer make a claimant responsible for correctly determining his or her benefits upon retirement.

Finally, the finding of the Superior Court that the Retirement Board must approve an annuity payment before it can be implemented ignores the express provisions of §4230(b) that retirement payments may be implemented prior to Board approval. Neither of the two disputed annuity figures were originally approved by the Board. Certainly in such an instance it cannot be stated as a legal proposition that "two wrongs make a right."

The January 19, 1978 Decision and Order of the Superior Court is reversed. As the abundant authority offered by the government makes clear, the recomputation of the plaintiff's annuity to $13,668.96 a year was legally correct and cannot be upset under any theory of promissory estoppel. At the time of plaintiff's retirement on April 30, 1976, she was entitled only to the annuity which the Board of Trustees of the Retirement Fund finally approved.

Reversed.